1
2
3
4
5
6
7

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

8

ESTHER ANDERSON PATRICK,

NO.

9

Plaintiff,

COMPLAINT FOR DAMAGES

10

v.

11

12 CRISTOBAL RENE JIMENEZ and JANE
DOE JIMENEZ, individually and the marital
community composed thereof; LORI
13 ADAMSON and JOHN DOE ADAMSON,
individually and the marital community
14 composed thereof; MID-CENTURY
INSURANCE COMPANY, a foreign
15 insurance company; GURBACHAN SINGH
and JANE DOE SINGH, individually and the
16 marital community composed thereof; UBER
TECHNOLOGIES INC., a Delaware
17 Corporation; and, RASIER, LLC, a Delaware
Limited Liability Company;
18

19

Defendants.

20

21        COMES NOW Plaintiff, Esther Patrick, by and through her attorney of record,

22 and hereby pleads and alleges as follows:

23

24                              I.    PARTIES

25        1.1    At all material times, Plaintiff Esther Anderson Patrick resided in King

26 County, Washington.

COMPLAINT FOR DAMAGES - 1

1

2    1.2    Upon information and belief, Defendant Cristobal Rene Jimenez is
believed to be and at all relevant times was a resident of Pierce County,

3    Washington.  If this defendant is married, all acts and omissions by Defendant Lori

4    Adamson described herein were performed on behalf of the marital community.

5    1.3    Upon information and belief, Defendant Lori Adamson is believed to

6    be and at all relevant times was a resident of Pierce County, Washington.  If this

7    defendant is married, all acts and omissions by Defendant Lori Adamson described

8    herein were performed on behalf of the marital community.

9    1.4    Upon information and belief, Defendant Cristobal Jimenez was the

10   family member of Defendants Lori Adamson and John Doe Adamson.  Upon

11   information and belief, the automobile operated by Defendant Cristobal Jimenez

12   was owned and/or maintained and/or furnished by Defendants Lori Adamson and

13

14   John Doe Adamson.  Defendants Lori Adamson and John Doe Adamson are

15   vicariously liable for the tortious acts and/or omissions of Defendant Cristobal

16   Jimenez by virtue of the Family Car Doctrine.

17   1.5    Defendant Mid-Century Insurance Company is a foreign insurer that is

18   licensed to sell insurance, and actually sells insurance, in the State of Washington.

19   1.6    Upon information and belief, Defendant Gurbachan Singh is believed

20   to be and at all relevant times was a resident of King County, Washington.  If this

21   defendant is married, all acts and omissions by defendant Gurbachan Singh

22   described herein were performed on behalf of the marital community.

23

24   1.7    Defendant Uber Technologies, Inc., ("Uber") is a Delaware

25   Corporation with a principal place of business in San Francisco, California.

26   Defendant Uber conducts business in King County, Washington.

COMPLAINT FOR DAMAGES - 2

1.8     Defendant Rasier, LLC, ("Rasier") is a Delaware limited liability company with a principal place of business in San Francisco, California.  Defendant Rasier conducts business in King County, Washington.  Defendant Rasier is a wholly owned subsidiary of Defendant Uber Technologies, Inc.

1.9     Defendants Uber and Rasier exercise substantial control, and retain the right to control, over the day-to-day responsibilities of drivers, and specifically Gurbachan Singh, with the unilateral power to terminate a driver's employment, both for cause and without cause.

1.10    Defendant Gurbachan Singh was logged on to the Uber App at the time that the September 23, 2020 collision described below occurred and was operating on behalf of Defendants Uber and Rasier.

1.11    At the time of the collision described below, Defendant Gurbachan Singh performed services for the financial benefit of Defendants Uber and Rasier and was subject to Defendants Uber and Rasier's control and/or right to control the manner and means of performing services.

1.12    At the time of the September 23, 2020 collision described herein, Defendant Gurbachan Singh was acting within the scope and authority of Defendants Uber and Rasier, and under their control and on their behalf.

1.13    Defendants Uber and Rasier are responsible and liable for the tortious acts and omissions of Defendant Gurbachan Singh and Plaintiff's damages.

## II.     JURISDICTION & VENUE

2.1     Plaintiff's causes of action arise from two automobile collisions that occurred in King County and Pierce County, State of Washington.

COMPLAINT FOR DAMAGES - 3

2.2     This Court has jurisdiction over the parties and subject matter of this action.

2.3     At all times material to this action, Mid-Century Insurance Company automobile insurance policy number 60546-09-50 was in full force and effect. Defendant Mid-Century Insurance Company has conducted business within the State of Washington and has contracted to insurer a person, property, or risk in the State of Washington out of which Plaintiff's claims have arisen.  The Court has jurisdiction over Mid-Century Insurance Company pursuant to RCW 4.28.185 and otherwise.

2.4     Defendants Uber and Rasier are active Foreign For-Profit Corporations registered with the Washington State Secretary of State and doing business in King County, Washington.

2.5     Venue is proper in King County Superior Court.

### III.     LIABILITY

**January 25, 2018 Collision**

3.1     On or about January 25, 2018, Defendant Cristobal Jimenez was driving an automobile.

3.2     Defendant Cristobal Jimenez was traveling on Canyon Road East, making a turn onto 160th Street East in Puyallup, Washington.

3.3     Defendant Cristobal Jimenez was driving an automobile owned and/or maintained and/or furnished by Defendant Lori Adamson.

3.4     Defendant Cristobal Jimenez made a left turn onto westbound 160th Street East from Canyon Road East.

COMPLAINT FOR DAMAGES - 4

3.5     Plaintiff Esther Patrick was stopped in her automobile in the left turn lane on eastbound 160th Street East.

3.6     Defendant Cristobal Jimenez lost control of his automobile.

3.7     Defendant Cristobal Jimenez caused his automobile to collide with Esther Patrick's automobile.

3.8     Defendant Cristobal Jimenez was driving at a speed greater than was reasonable and prudent under the conditions.

3.9     Defendant Cristobal Jimenez failed to exercise ordinary care to avoid causing a collision.

3.10    The tortious conduct of Defendant Cristobal Jimenez was a proximate cause of the collision on January 25, 2018 and the resulting injuries and damages to Plaintiff Esther Patrick.

**September 23, 2020 Collision**

3.11    On or about September 23, 2020, Defendant Rasier, LLC's employee driver was driving a vehicle.

3.12    Defendant Rasier LLC's employee driver was attempting to stop for traffic ahead.

3.13    Plaintiff Esther Patrick was a passenger in the automobile driven by Rasier LLC's employee driver.

3.14    Defendant Rasier LLC's employee failed to stop and collided with an automobile stopped ahead.

3.15    Defendant Rasier LLC's employee driver failed to exercise ordinary care to avoid causing a collision.

COMPLAINT FOR DAMAGES - 5

3.16    The tortious conduct of Defendant Rasier LLC's employee driver was a proximate cause of the collision on September 23, 2020, and the resulting injuries and damages to Plaintiff.

## IV.    CAUSE OF ACTION – DEFENDANTS JIMENEZ

4.1    Plaintiff incorporates the previous allegations of the Complaint.

4.2    Defendant Cristobal Jimenez had a duty to exercise ordinary care to avoid placing himself and/or others in danger.

4.3    Defendant Cristobal Jimenez had a duty to exercise ordinary care to avoid causing a collision.

4.4    Defendant Cristobal Jimenez failed to exercise ordinary care to avoid placing himself and/or others in danger.

4.5    Defendant Cristobal Jimenez failed to exercise ordinary care to avoid causing a collision.

4.6    Defendant Cristobal Jimenez failed to operate his automobile in a safe manner.

4.7    Defendant Cristobal Jimenez failed to obey the "Rules of the Road".

4.8    The tortious conduct of Defendant Cristobal Jimenez was a proximate cause of injuries and damages to Plaintiff.

## V.    CAUSE OF ACTION – DEFENDANT MID-CENTURY INSURANCE

5.1    Plaintiff incorporates the previous allegations of the Complaint.

5.2    Defendant Mid-Century Insurance Company, at all relevant times, had in full force and effects its automobile policy, Policy No. 60546-09-50, providing underinsured/uninsured motorist (UIM/UM) coverage to the plaintiff, Esther Patrick.

COMPLAINT FOR DAMAGES - 6

**COLBURN LAW**
22500 SE 64TH PLACE, SUITE 200
ISSAQUAH, WA  98027
TEL: (206) 919-3215   FAX: (888) 850-2909

5.3     Pursuant to the terms of its policy of insurance issued to Plaintiff, Defendant Mid-Century Insurance Company agreed to pay damages as a result of bodily injury suffered by Plaintiff and due by law from the owner or driver of an underinsured/uninsured motor vehicle resulting from a motor vehicle collision.

5.4     Defendant Mid-Century Insurance Company has breached its contractual obligations to Plaintiff by not making fair payment of underinsured motorist benefits to Plaintiff.

5.5     Plaintiff is entitled to benefits under the aforesaid UIM/UM coverage due to the tortious conduct of the underinsured driver, Defendant Cristobal Jimenez.

5.6     Plaintiff has complied with the terms and conditions of the policy of insurance.

5.7     As a result of the collision on January 25, 2018, Plaintiff sustained injuries and damages believed to be in excess of the third party policy limits.

5.8     Because Plaintiff is entitled to compensatory damages in excess of the liability insurance coverage of Defendant Cristobal Jimenez, in an amount to be determined at trial, Defendant Mid-Century Insurance Company is obligated to pay Plaintiff up the amount it promised to pay in the UIM/UM coverage.

5.9     Plaintiff brings this breach of contract claim against Mid-Century Insurance Company pursuant to the UIM/UM coverage of the insurance policy.

## VI.    CAUSE OF ACTION – DEFENDANTS GURBACHAN SINGH, UBER AND RASIER

6.1     Plaintiff incorporates the previous allegations of the Complaint.

6.2     Defendant Gurbachan Singh had a duty to exercise ordinary care to avoid placing himself and/or others in danger.

COMPLAINT FOR DAMAGES - 7

6.3     Defendant Gurbachan Singh had a duty to exercise ordinary care to avoid causing a collision.

6.4     Defendant Gurbachan Singh failed to exercise ordinary care to avoid placing himself and/or others in danger.

6.5     Defendant Gurbachan Singh failed to exercise ordinary care to avoid causing a collision.

6.6     Defendant Gurbachan Singh failed to operate his automobile in a safe manner.

6.7     Defendant Gurbachan Singh failed to obey the "Rules of the Road".

6.8     The tortious conduct of Defendant Gurbachan Singh was a proximate cause of injuries and damages to Plaintiff.

6.9     Defendants Uber and Rasier are responsible and liable for the tortious acts and omissions of Defendant Gurbachan Singh.

### VII.    DAMAGES

4.9     Plaintiff incorporates the previous allegations of the Complaint.

4.10    As a proximate result of the tortious and negligent conduct of Defendant Cristobal Jimenez and Defendant Gurbachan Singh, the plaintiff Esther Patrick sustained injuries and damages.

4.11    As a proximate result of the tortious and negligent conduct of Defendant Cristobal Jimenez and Defendant Gurbachan Singh, the plaintiff Esther Patrick has suffered and will continue to suffer disabling injuries.  Plaintiff's injuries caused and will continue to cause her pain, discomfort, suffering, disability, and mental anguish.  She has incurred reasonable and necessary medical treatment

**COLBURN LAW**
22500 SE 64TH PLACE, SUITE 200
ISSAQUAH, WA  98027
TEL: (206) 919-3215   FAX:  (888) 850-2909

and expenses for her injuries and will incur reasonable and necessary medical treatment and expenses for her injuries in the future.  She has suffered loss of earnings.  She is entitled to the reasonable value of the household services she could not perform because of her collision-related injuries and recovery.  Plaintiff has also suffered loss of enjoyment of life.

4.12    As a proximate result of the tortious and negligent conduct of Defendant Cristobal Jimenez and Defendant Gurbachan Singh, the plaintiff Esther Patrick is entitled to compensation for all special and general damages allowed under the laws of the State of Washington.

4.13   Plaintiff's injuries and damages were not caused by any fault on her part, but were caused solely by the tortious conduct of Defendants.

4.14   No other individuals or entities caused Plaintiff's injuries and damages.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For a judgment of liability in favor of Plaintiff and against Defendants;

2.    For an award of damages in favor of Plaintiff and against Defendants in an amount to be proven at the time of trial;

3.    For prejudgment interest at the statutory rate on economic damages;

4.    For costs and disbursements herein and a reasonable attorney's fee, including attorney's fees under *Olympic Steamship v. Centennial Ins.*, or other authority;

5.    For such further relief as to the Court seems just.

COMPLAINT FOR DAMAGES - 9

DATED this 11th day of January, 2021.

1

2                                          s/ GREGORY S. COLBURN
                                           Gregory S. Colburn, WSBA #41236
3                                          Colburn Law
                                           22500 SE 64th Place, Suite 200
4                                          Issaquah, WA  98027
                                           Tel:  206-919-3215
5                                          Email:  greg@colburnlaw.com
                                           Attorney for Plaintiff Esther Patrick
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DAMAGES - 10